## DAVID SILVER *vs.* JAMES KENDRICK.

Courts lean against the rejection of testimony for slight variances from the declaration.

Though declarations for a *false affirmation* and declarations on *express contracts* must be special, they need not contain the precise words used in the affirmation or contract, unless they purport to contain them.

A description of the legal effect of the words is sufficient; and the declaration contains the legal effect of them where the words omitted would not, under the evidence in the case, vary the construction of the affirmation, if those words were inserted.

THIS was an action on the case.

The declaration contained two counts. The first one alleged, that on the 1st of January, A. D. 1818, the plaintiff, by request of the defendant, purchased of him a note which was signed by *C.* and *D.*, and made payable to the defendant in the sum of $75, and that the defendant then falsely affirmed, the said *C.* and *D.* were persons in good credit, when in fact they were poor and the note of no value.

The second count resembled the first one, except in the statement of the manner in which the price of the note was paid.

At the trial here in May, A. D. 1819, on the general issue, the plaintiff proved, that *C.* and *D.* were insolvent and that the note was purchased as stated in the declaration, except the false affirmation was, that " *C.* and *D.* were in as good credit, as Col. *A. B.*" who the defendant admitted, was a man of property.

Still the defendant objected, that this evidence was inadmissible on account of its variance from the declaration, but it was suffered to go to the jury, and a verdict was there

---

* 2 Conn. R. 419, Bishop *vs.* Dexter.

by consent taken for the plaintiff for the amount of the note subject to the future opinion of the court on the competency of the above evidence.

*Hutchinson*, counsel for the plaintiff.

*Bell*, for the defendant.

WOODBURY, J.   It is true, as remarked, in 7 *Cranch* 413, that, " in general, courts of law lean against an extension of " the principles applied to cases of variance.   Mistakes of " this nature are usually mere slips of attorneys, and do not " touch the merits of the case.   Lord Mansfield has well ob- " served, that it is extremely hard upon the party to be turn- " ed round and put to expense from such mistakes of his " counsel, and it is hard also upon the profession."

Still we feel no inclination to deviate from established precedents on this subject, unless a case should arise where such deviations are necessary, not merely to prevent cost, which is the usual and justifiable punishment for such inad- vertences, but to prevent injustice and a final forfeiture of a parties rights.

It would seem to be the invariable practice to require, in declarations for false affirmation, a special detail of every important fact. 2 *Ch. Pl.* 278.—3 *B. & P.* 367.—3 *D. & E.* 51.—1 *East.* 318.—2 *do.* 92.

Indeed, the rule extends to all declarations, on express contracts, whether written or parol,(1) and whether the form of action be *ex contractu* or *ex delictu.*   1 *Ch. Pl.* 306, *and auth. there cited, Doug.* 667.—5 *Es. C.* 31.—4 *Maul. & Selw.* 473.—2 *Barn. & Ald.* 767, *Swallow vs. Beaumont.* (1) Yelv. 19 b. note.

But this strictness and the consequence, that minute vari- ances are fatal, do not apply to those parts of the declara- tion, which do not describe the contract itself ;(2) nor to any part of the declaration, if it purport to contain only the legal effect or spirit of the contract.(3)   For then, (says 1 *Chitt. Pl.* 307,) the declaration " will in general be suffi- " cient, though it may vary from the precise words of a " contract."   *Doug.* 667, *Bristow vs. Wright.* (2) 4D. & E 558.

3) 8 John. 26.—14 ditto 400.—6 East 563.

The present declaration may well be supposed to have undertaken to describe only the legal effect of the false

Silver
*vs.*
Kendrick.

affirmation made by the defendant; for a declaration seldom attempts to set out the " precise words," unless when made on a written contract or for defamation. But the legal effect of the affirmation in the present case was, that *C.* and *D.*, the signers of the note, were men in good credit; and Col. *B.*, being admitted to have been a man of property, was merely instanced as an illustration of what was meant by good credit.

When we consider the known responsibility of the man to whom they were compared, the affirmation " must re-" ceive the same legal construction, whether the words" of comparison " be in or out of the declaration;" and that is one of the safest criterions of the conformity of the declaration to the legal effect and spirit of the affirmation. 7 *Cra.* 414.—1 *D. & E.* 235, *King vs. Pippett.*—*Doug.* 665, *Bristow vs. Wright.*—2 *East, Williamson vs. Allison.*—4 *Maul. & Selw.* 474, *Hoar vs. Mill, Baily J.*

In 1 *Barn. & Ald.* 9, *Wildman vs. Glossop*, the declaration was for a certain quantity of oil sold, and the quantity was afterwards found to be so much. Evidence of a sale of all *per* the *Wildman*, but same amount and same oil held to be no variance, " inasmuch as the term in the contract, not " stated in the declaration, does not qualify or annex any " condition to that which is stated."—*Abbott, Ch. J.*

In 1 *Barn. & Ald.* 224, *Mountstephen and others vs. Brooke*, the declaration was on a note as made jointly by three, when in evidence it appeared to have been made by four; no variance. Enough was stated and proved to charge defendants.

In 2 *ditto* 335, *Wickes vs. Gordon*, the declaration was on a contract to deliver stock, February 27th. Evidence to deliver it on the " *settling day*," which it was supposed would be the 27th. No variance.

In 4 *Maul. & Selw.* 474 *note, Hamborough vs. Wilkie*, the plaintiff declared that the defendant bound himself, his heirs, executors, and administrators, and proved a deed, in which he bound himself, executors, and administrators only. The

word, " heirs," was held to be surplusage, and the variance not material.

In 1 *Brod. & Bin.* 446, *Arnauld vs. Revault*, the declaration was on a lease to plaintiff, when in evidence the lease appeared to have been to plaintiff and wife. It was held to be no variance from the spirit of the contract.

*Judgment on the verdict.*