### HARRISON *versus* WEAVER.

Where, in an action, by the indorsee of a note against the maker, the declaration described it as payable to *A. B*, or order, and the note was payable alone to *A. B.*—held to be an immaterial variance.

A variance in the description of a contract, which must be construed the same, whether the variance exist or not, not changing its nature ; will not be regarded.

Weaver instituted an action of debt in the Circuit Court of Bibb, as endorsee of a promissory note. The

declaration, filed in the cause, complained against the defendant, as the maker of a note, payable to one McGough or order, and by the latter, endorsed to the plaintiff: but the note, when produced on the trial, was payable alone to McGough and not to order; whereupon the defendant moved the Court to exclude the note as evidence of the demand, because of the variance apparent in the declaration : but the Court held the objection unavailing, and judgment was entered for the plaintiff. The defendant took a bill of exceptions upon this point, and brought the case into this Court.

PICKENS & CLARK, for Plaintiff.
GOLDTHWAITE, *contra.*

By Mr. Justice HITCHCOCK:

This was an action of debt on a promissory note dated, 20th January, 1831, for $50, due the 8th March, 1832, made by the defendant, *payable to John Mc-Gough.* The declaration is in the usual form, and corresponds with the note, except that it describes it as payable to John McGough, *or order*—the plaintiff declares as the endorsee of the original payee.

At the trial below, the defendant objected to the note being read to the jury on the ground of variance between it and the declaration, in describing it as payable to order, when the words, *or order*, were not in the note. The Court overruled the objection, and permitted the note to be read, to which, exception was taken, and which is assigned for error here.

It is a general rule, that the contract declared on, must be stated correctly, and if the evidence differ from the statement, the whole foundation of the action fails, and if the party attempts to set out the con-

tract in *hæc verba,* a technical *variance* in an immaterial matter will be noticed.     But when the pleader does not attempt this particularity, it is sufficient to declare according to the *legal effect* of the contract.[a]

[a] 1 Chit. Pl. 334.

By our statute, "all bonds, bills single, promissory notes, and all other writings for the payment of money or any other thing, may be assigned by endorsement, whether the same be made payable to *the order* or assigns of the obligee or payee or not, and the assignee may sue in his own name, and maintain any action which the obligee or payee might have maintained thereon, previous to assignment," &c. By this statute the legal effect of a note not payable *to order,* is precisely the same as if payable to order, and the pleader not having attempted to describe the note in *hæc verba,* the objection was properly overruled.

The plaintiff in error has relied upon the case of *Sebree et al.* vs. *Dorr.*[b]     There the action was upon two promissory notes: one of the notes was for $311 31, payable twelve months after date, to the defendants, order at the Bank of Discount and Deposit of the United States, at Lexington, but it was described as a note payable generally, omitting the time— that it was *to order*—and the place where payable; the other note was for $10,065, *payable at the Office of Discount and Deposit of the Bank of the United States, without defalcation, for value received;* but in the declaration there was a total omission to state where the note was payable.     In relation to the first note the Court, say, "these are all material parts of the declaration, and they are all omitted ; and in relation to the latter, they say, that nothing is clearer, both upon principle and authority, than that, if the place where a note is payable, is omitted in the decla-

[b] 9 Wheat. 558

ration, it is fatal; there is a variance in the essence of the instrument, as declared on and proved.

Had the question in that case only presented the single point of variance, that the one under consideration does, to wit, insertion of the words *or order ;* and had the Kentucky statute been the same as ours, and whether it was or not, does not appear; we cannot think the Supreme Court of the United States would have decided the variance as fatal. Upon the other grounds, to wit, the omission to state the time when, and the place where, the notes were payable, the Court seem to have predicated that decision; these points are particularly noticed by the Court, and upon which there was sufficient ground for the decision of the Court.

In the case of *Ferguson* vs. *Harwood*,[a] a variance [a 7 Cranch 408] is held immaterial, where it does not change the *nature of* the contract, which must receive the same legal construction, whether the words be in or out of the declaration; that is clearly the case here.

The judgment must therefore be affirmed.