### ADMINISTRATOR OF JAMES VS. SCOTT.

Where in the description of a bond in the plaintiff's statement of his cause of action, there being no attempt to set it out in *hæc verba*, the words "value received" were inserted, which were not contained in the bond as produced—the averment was held to be unnecessary, and did not vitiate the declaration.

Error to the County court of Jackson county.

In this case the plaintiff in error recovered a judgment before a magistrate in the county aforesaid on a note under seal, on which judgment there was an appeal to the County court.

In that court, the plaintiff, as administrator of Lyman James, deceased, who sued for the use of Benjamin B. Coffey, declared against defendant, of a plea that he rendered to him thirty-five dollars, which to him he owed, and from him unjustly detained; for that on the seventh day of April, eighteen hundred and thirty-four, at said county, said defendant, together with one L. Wood, who was not sued in the action, executed his bond to the plaintiff, whereby he bound himself to pay plaintiff the sum aforesaid, by the first of January then next ensuing, *for value received*, which sum said defendant had not paid, or any part of the same, but had refused, &c.

Administrator of James *vs.* Scott.

To this declaration defendant plead payment, with leave to give in evidence, and rely on any special matters, that might constitute a good plea in bar of a recovery; and a verdict was rendered in his favor.

Pending the trial of the cause, the plaintiff tendered his bill of exceptions, which stated, that he offered in evidence to support his declaration, a bond signed by one L. Wood and defendant, by which they promised, by the first day of January ensuing the date thereof, to pay to the plaintiff, administrator of L. James, deceased, thirty-five dollars, *for house rent.* The bond or sealed note was dated the seventh day of April, eighteen hundred and thirty-four, and was signed and sealed as aforesaid. This evidence was objected to by defendant, as the note described in the declaration was stated to have been given *for value received.* The objection was sustained by the court, and the bond excluded from the jury to which the plaintiff excepted, &c. This was assigned in error.

*Robinson,* for plaintiff in error, cited Aik. Dig. 261; 1 Porter, 13; 1 Stewart, 17; 2 Porter, 542; 7 Cranch, 408. All bonds and notes import value received—Aik. Dig. 283, s. 137.

*Hopkins & Parsons,* contra.

ORMOND, J.—The decision of the court below must have proceeded on the ground, that the words "value received" in the statement of the plaintiff's cause of action, were a part of the description of the bond; when it was certainly nothing more than an unnecessary averment on the part of the pleader, that the bond was giv-

en for a valuable consideration, which cannot vitiate: Admitting, that in cases of this kind the same strictness will be required in pleading, as in causes originating in the Circuit or County courts, still, the decision of the court below cannot be sustained. This court, in the case of Harrison vs. Weaver, (2 Por. 543,) decided, that where the declaration described a note as payable to "order," when the note did not contain these words, the variance was immaterial—on the ground that the legal effect of the note was, that it was payable to order—and they lay down as a test of such cases, that if the averment does not change the nature of the contract, but the legal effect continues the same, the objection cannot be made; and in support of their decision, cite (7 Cranch, 408.)

In this case, it is manifest there was no attempt to set out the bond in *hæc verba;* had that been the case, there would have been some plausibility in the objection.

The judgment must be reversed and the cause remanded.