Mr. Justice Walker delivered the opinion of the Court. The decision of the Court below upon the demurrer for variance presents the only question to be determined. The alleged variance is this, that the plaintiff sues as administrator, and, on oyer, produced a note to him as administrator de bonis non. It is very questionable whether the slightest variance exists in point of fact. The action is brought by “Benjamin Duncan, as administrator of all and singular the goods and chattels, rights and credits unadministered, which were of Benjamin Dickinson, deceased, at the time of his death, plaintiff,” <fcc. The declaration alleges a promise “ to pay the plaintiff as administrator as aforesaid.” The variance alleged is, that the promise in the note is made to the plaintiff as administrator de bonis non. Now the question is, when the plaintiff described himself as administrator of the unadministered estate, did he not in effect describe himself as administrator de bonis non? An administrator de bonis non is one who administers upon the unadministered effects of the deceased, (Bovier Law Dic. 81;) and when he so described himself, the description was as significant as the technical terms “de bonis non” would have been. If, however, we could' be mistaken in this, the variance, such as it is, could avail the defendants nothing. As a general rule, it may be safely said that when the variance does not change the nature of the writing so as to render the one set out a different instrument in legal contemplation from that which is sought to be introduced, such variance will be disregarded. (Ferguson vs. Harwood, 7 Cranch 408. Selver vs. Kendrick, 2 N. Hamp. Rep. 160.) Where the plaintiff declared upon a bond given to him for or on account of another, and so expressed in the bond, and neglected to set forth that part of the instrument which manifested the use, it was held that the variance was immaterial; even if it had been stated, the Court said it would have been mere surplusage. Peter vs. Cocke, 1 Wash. R. 257. Where the defendant was described in the declaration as trader and administrator, and the bond, upon which the action was founded when produced on oyer, appeared to have been given to the defendant in his individual capacity, held, on demurrer, that the description of him as administrator might be rejected as surplusage. Clark vs. Lowe, 15 Mass. R. 476. 1 Phil. Ev. 212. There can be no question but that the Court acted correctly in overruling the demurrer and rendering judgment for the plaintiff. No attempt has been made by counsel to sustain the errors by reference to authority; nor do we suppose any can be found that would, even remotely, do so. The judgment of the Circuit Court is, in all things, .affirmed.