Mr. Justice Walker delivered the opinion of the Court. On the 30th day of June, 1847, the bank filed her declaration and had a writ issued returnable to the November term next thereafter. The writ was directed to the “ coroner of the county of Independence.” At the return term, Ringgold, one of the defendants, moved to quash the writ, because it was directed to the coroner instead of the sheriff. This motion the circuit court sustained. Alias process was repeatedly issued and the case continued until the September term 1849, when the defendants appeared and plead payment, nil debit and limitation. On the trial the plaintiff offered to read the first writ issued and which had been quashed, to show when the action was commenced; to the reading of which the defendant objected and the objection was sustained. The correctness of the decision of the court in excluding the writ as evidence for that purpose presents the first question to be decided. It is conceded that the statute bar had not attached at the date when the declaration was filed and the first writ issued. But it is contended that the writ, when quashed, could be used as evidence for no legal purpose whatever, and that, as it requires both the issuance of the writ and the filing of the declaration or petition to commence an action, as decided in the case of McLarren and wife vs. Thurman, no action was in fact then commenced. It is unnecessary, under the issue presented in this court, to decide upon the correctness of the decision of the circuit court in quashing the writ. It is sufficient to say that the writ was clearly not void. The question at issue, is precisely such as was directly presented in the case of The State Bank vs. Sherrill et al. ante 336, where it was held that even if the writ should be voidable and quashed for that reason, it was nevertheless part of the record in the case and although not available to the plaintiff to affect the defendants with notice of the commencement of the suit yet it was evidence of the fact that the suit had been instituted. A declaration when demurred to, and the demurrer is sustained, is no more a valid declaration, to put the defendants to answer, than a writ, when quashed, would be to affect him with notice, and yet because a demurrer should be sustained to a declaration, no one would contend that no suit had been commenced, because the declaration was adjudged defective. Without going into an argument of this question again we need only refer to the decision made in the case of The Bank vs. Sherrill et al., and the authorities there cited as decisive of this point. The next question is one of variance between the allegation and proof. The suit was commenced by petition under the statute. The bank avers that she is the legal owner of a note against John Ringgold, Samuel W. Peel and William L, McGuire to the following effect: $143. Batesville, July 1, 1843. Twelve months after date we, Samuel W. Peel, as principal and John Ringgold and Wm. L. McGuire, as securities, jointly and severally promise to pay to the Bank of the State of Arkansas or order one hundred and forty-three dollars negotiable and payable at the Branch of said Bank at Batesville without defalcation for value received. S. W. PEEL, J. RINGGOLD, WM. L. MoGUIRE. The plaintiff on the trial offered in evidence a note corresponding in every particular with the one set forth in the petition with this exception, that in the body of the note offered in evidence it is Jno. Ringgold instead of John Ringgold; but in the signature of the payor at the foot of the instrument, where it is signed by them, there is no variance. The question therefore resolves itself into this, that if the word Jno. is descriptive of the contract or the party, and material, then the variance might be fatal; but if the word Jno., in the body of the note, was neither descriptive of the contract itself, nor the parties who executed it and might be wholly dispensed with without affecting the terms of the contract or impairing its obligatory force, then it may be disregarded as surplusage, and the variance, admitting it to be such, would amount to nothing. It is a well settled rule of pleading that no allegation, which is descriptive of any part or matter which is legally essential to the claim or charge, can be altogether rejected, inasmuch as the variance destroys the legal identity of the claim or charge alleged with that which is proved. And it is an equally well settled rule that when such averment maybe wholly rejected without prejudice to the charge or claim, proof is unnecessary and a discrepancy between the allegation and the proof in that respect is unimportant. 3 Stark. Ev. 1534. In the case of Ferguson vs. Howard, 7 Cranch 408, this rule is very clearly laid down. It is there held that, “ A variance is immaterial when it does not change the nature of the contract, which must receive the same legal construction whether the words be in or out of the declaration.” And such in our opinion is the character of the words in regard to which there is an alleged variance in this case. The contract is perfect, complete and valid, not enlarged, varied or diminished either in its terms, or in identity of the contracting parties. Who was the contracting security in this instance ? Was it the Jno. Ringgold in the in the body of the note, or J. Ringgold, who signed it ? Are these the same person ? Then there is no variance. Are they different ? Who then is bound? Are both bound ? Certainly not; and it is just as certain that J. Ringgold, who executed the note, is the bound party. He is the party correctly described, and the name in the body of the note, although misdescribed, cannot affect his liability if rejected. We think therefore the circuit court erred in rejecting the note as evidence. And for these errors the judgment must be set aside and the cause remanded to be proceeded in according to law and not inconsistent with the opinion herein expressed.