FRANCIS NEALE, BENJAMIN G. HARRIS, and JOHN H. NEALE, trading as NEALE, HARRIS & COMPANY *vs.* GILBERT FOWLER.

*Non est factum — Variance between the Bond declared on and the Bond offered in Evidence.*

The *narr.* stated the plaintiffs' cause of action to be a writing obligatory, whereby the defendant acknowledged himself to be bound to the plaintiffs in the sum of $950, to be paid on demand. The defendant pleaded *non est factum*, and at the trial, the plaintiffs offered in evidence an instrument of writing, by which the defendant, in consideration of a subsisting indebtedness of $950, and the agreement by the plaintiffs to accept certain drafts drawn on them by him, obligated and bound himself to ship and consign to the plaintiffs certain crops of wheat, corn and tobacco, to be sold by them on commission, and the proceeds applied to the payment of his present debt, and also any future debt he might owe by reason of said acceptances. HELD:

That there was a fatal variance between the instrument described in the declaration and the paper offered in evidence, and that the latter was inadmissible in evidence.

APPEAL from the Circuit Court for Calvert County.

This was an action of debt brought by the appellants against the appellee. The declaration contained three counts, all of which stated the cause of action to be a writing obligatory, whereby the defendant acknowledged himself to be bound to the plaintiffs in the sum of $950, to be paid on demand. The defendant pleaded *non est factum* and payment, upon which pleas issues were joined. At the trial the plaintiffs offered in evidence the following instrument of writing:

Whereas, I, the undersigned, am indebted to Neale, Harris & Co., commission merchants, in the city of Baltimore, in the sum of nine hundred and fifty dollars; and whereas, the said Neale, Harris & Co. have agreed to accept certain drafts drawn on them by me for other sums

of money, and to renew the same from time to time; therefore, know all men by these presents, that in consideration of the premises, and of the further sum of five dollars, to me in hand paid, the receipt of which is hereby acknowledged, I, Gilbert Fowler, of Prince Frederick, Calvert county, in the State of Maryland, do hereby agree, obligate and bind myself, my heirs, executors and administrators, to ship and consign to the said Neale, Harris & Co., my crop of tobacco, supposed to be about 10,000 or 12,000 pounds, and my wheat and corn now in the ground, and to be planted from 80 to 100 bushels of wheat, in trust, that the said Neale, Harris & Co., may sell the same, and out of the proceeds thereof, reimburse and repay themselves the said debt now due, and whatever may be due on all the drafts, including the principal thereof, the interest on said sums, and on the debt now due, and two and a half per cent. commission, for the acceptance of each and every one of said drafts, and each and every renewal thereof, and all other legal charges, cost and expenses accruing thereon.

In testimony whereof, I have hereunto set my hand and seal this 26th December, 1860.

Test:                                        GILBERT FOWLER.   [SEAL.]
    RICHARD FOWLER.

To the introduction of this paper the defendant objected, and his objection was sustained by the Court. To this ruling of the Court the plaintiffs excepted, and took the present appeal.

The cause was submitted to BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*James T. Briscoe* and *Henry Williams,* for the appellants.

No counsel appeared for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The only question raised by this appeal is, whether the paper offered in evidence, and set out in the bill of exceptions, was admissible under the pleadings.

The declaration contains three counts; all of them state the cause of action to be a writing obligatory, whereby the defendant acknowledged himself to be bound to the plaintiff, in the sum of $950, to be paid on demand.

Issue was joined on the pleas of *non est factum* and payment.

The plea of *non est factum* imposes on the plaintiff the *onus* of proving the execution and delivery of the bond sued on. *Union Bank vs. Ridgely*, 1 *H. & G.*, 416; *Edelin vs. Sanders*, 8 *Md.*, 118. " In debt on bond, or other specialty, when the deed is the foundation of the action, the plea of *non est factum* is proper, when the plaintiff's *profert* cannot be proven as stated." 1 *Ch. Pl.*, 483.

The rule is that the *allegata* and *probata* must agree; a party cannot declare upon one written instrument, or cause of action, and give in evidence another and different instrument of writing. " If there be a substantial variance between the instrument set out in the *narr.* and that offered in evidence, such variance may be taken advantage of under the plea of *non est factum*, and will be fatal to the plaintiff's suit." 1 *Ch. Pl.*, 305, *et seq.* It is not necessary to set out the paper in its precise words: "it suffices if it be stated substantially, that is, according to its true legal effect and operation." 1 *Ch. Pl.*, 305; *Ferguson vs. Harwood*, 7 *Cranch*, 413; *Armstrong vs. Robinson*, 5 *G. & J.*, 413.

Applying this simple elementary rule to the present case, we have no doubt of the correctness of the ruling by the Circuit Court. The instrument of writing offered in evidence was essentially different from that described in the *narr.* in substance and in legal effect. It is in no sense an obligation for the payment of $950 on demand.

The consideration in part stated in the contract, is a subsisting debt of $950, due and owing from the defendant to the plaintiffs; but his contract as evidenced by the paper is not to pay that sum on demand as stated in the *narr.*; but a contract to ship and consign to the plaintiffs certain crops of wheat, corn, and tobacco, to be sold by them on commission, the proceeds to be applied to the payment of his present debt, and also any future debt which he may owe, by reason of acceptances of his drafts or bills upon the plaintiffs.

· An inspection of the paper shows too plainly, to require any argument, the complete and fatal variance between the instrument described in the declaration, and the paper offered in evidence.

*Judgment affirmed.*

