## Ex parte ABRAMS.

[APPLICATION FOR MANDAMUS.]

1. *Continuance, order of; construed in case at bar.*—An order of court con-
tinuing a cause which is expressed in the following words : "Came the
parties by their attorneys, and on motion of the plaintiff for a continu-
ance of this cause, it is ordered by the court that this cause be continued
by the plaintiff, on payment of the costs in this behalf expended in ninety
days," is only a continuance on terms ; but it does not dismiss the cause,
if the terms thus imposed are not complied with.

2. *Same; when court can not strike cause from docket on failure to comply with
order.*—If the plaintiff, at the next term of the court after the continu-
ance, is ready and willing to pay the costs, and tenders the same to the
court before the cause is called for trial, the court can not strike the cause
from the docket, because the costs were not paid in ninety days, as limited
in the order of continuance.

3. *Mandamus; when proper to compel restoration of cause to docket.*—And if
the cause is thus stricken from the docket, this court will order its res-
toration upon *mandamus* to the court below.

This was an application for a *mandamus* to be directed
to the presiding judge of the circuit court of Butler, com-
manding him to reinstate upon and restore to the docket
a case which the court had stricken from the docket, upon
the failure of the petitioner to pay costs within the time
mentioned in an order continuing the cause.

THOS. G. JONES, for petitioner.

THOS. J. JUDGE, *contra.*

PETERS, J.—This is an application for a *mandamus*,
by Hannah Abrams, against the judge of the eleventh judi-
cial circuit, sitting in and for the county of Butler.

The facts set forth in the petition and the bill of excep-
tion, which is made a part of the petition, are briefly these :
The petitioner, Mrs. Abrams, sued Joseph R. Abrams, as
surviving partner of the firm of J. R. & H. S. Abrams, in
an action of debt, to recover five thousand dollars, money

loaned by the plaintiff to said H. S. Abrams for the use of said partnership. The action was brought to the spring term, 1869, of the circuit court of said county of Butler. And the suit, thus brought, came on to be heard at the fall term, 1871, of said circuit court. The plaintiff, Mrs. Abrams, was not then ready for trial; and on her motion the cause was continued. The following is a copy of the order of continuance thus granted—that is to say:

"Came the parties by their attorneys, and on motion of the plaintiff for a continuance of this cause, it is ordered by the court, that this cause be continued by the plaintiff on payment of the costs in this behalf expended in ninety days."

The plaintiff failed to pay the costs as required by this order in the time therein prescribed. But she brought the money to pay the costs into court at the next term to which the cause had been continued, before the cause was called for trial; and on the call of the cause for trial she was ready in court with the money to pay the costs, and tendered the same for that purpose and declared herself ready and willing to pay the same. The court refused to permit the money to pay the costs thus tendered to be paid into court for that purpose; and, on motion of the defendant, "struck the cause from the docket and adjudged the cause to be at an end." To this the plaintiff objected, and re- served the objection by proper bill of exceptions.

The order above quoted is clearly a continuance of the cause until the next term of the court in due course, with directions that plaintiff shall pay the costs in ninety days after the order for the continuance was allowed. But there was no order that if the costs were not paid in the time limited, then the cause should be dismissed. At the next term of the court after the continuance, the cause was still pending. It had not been dismissed, nor had the plaintiff been advised that it would be dismissed on a failure to pay the costs in ninety days. The words, "on payment of the costs in this behalf expended," do not necessarily imply a condition. They only signify the *terms* on which the con-

tinuance was granted, and not a condition which defeats the continuance if not complied with; or which turns the plaintiff out of court. The order makes the plaintiff liable for the costs up to the continuance, and exonerates the defendant, so far as this can be done, from their payment, whatever might be the result of the suit. The cause, then, was not out of court at the commencement of the term next succeeding the grant of the order of continuance, nor had the plaintiff, by the terms of the order, forfeited her right to remain in court up to that time. But the learned judge in the court below seems to have thought otherwise. He mistook the purport of the order, in construing it as a dismissal of the suit upon a failure to pay the costs in ninety days. Such a construction is inadmissible. The striking the cause from the docket was such an invasion of the plaintiff's right to remain in court, as is unauthorized by law. The cause should have been retained upon the docket, and the plaintiff should have been permitted to pay the costs, as she proposed to do.

The principles settled in the case of *Ex parte Lowe*, (20 Ala. 330,) seem fully to justify the allowance of the remedy by *mandamus* in this case.

And the issuance of a rule *nisi* having been waived by agreement of counsel filed in this cause, a peremptory *mandamus* will be issued in conformity with the prayer of the applicant's petition. Costs will be reserved until the coming in of the return to the *mandamus*.