# Preston *v*. Dunham.

### *Action on Promissory Note.*

1. *Variance ; what not material.* — A note payable "by" the first day of November, 1870, to "John L. Dunham, ag't or bearer," may be properly declared on as payable to John L. Dunham "on" the first day of November, 1870.

2. *Plea, what demurrable.* — An unsworn plea by the maker that the plaintiff is not the owner of the note sued on is demurrable, although on motion it would be stricken from the files.

3. *Same ; what frivolous.* — A plea to an action for the price of guano, that inspection laws passed long subsequent to the sale had not been complied with, is frivolous, and should be stricken from the files.

4. *Evidence ; what irrelevant.* — Proof that third persons used some of the same kind of guano as that for the price of which defendant is sued, and that it was "worthless," is irrelevant ; so also is proof that the guano had never been inspected — the inspection laws having been enacted after the sale.

5. *Worthlessness of article sold ; when no defence to recovery of price.* — The unsoundness or worthlessness of an article purchased is no defence to a recovery for the price, when there was no warranty, false representation, or fraudulent concealment.

6. *Charge ; what may be refused.* — A charge not moved for in writing, or asserting several legal propositions, any one of which is incorrect, is properly refused.

[Preston v. Dunham.]

APPEAL from City Court of Opelika.
Tried before Hon. JOHN M. CHILTON.
The opinion states the case.

G. W. HOOPER, for appellant, sought to distinguish this case from those of *Ricks* v. *Dillahunty*, and *West* v. *Cunningham*, citing on this point *Chandler* v. *Lopus*, Cro. Jac.; 4 Dyer, 75; and Parsons on Contracts, vol. i. p. 578.

J. R. DOWDELL, contra. — The note was properly declared on in the form given by the Code. *Harrison* v. *Weaver*, 2 Port. 542. The charge of the court was correct. *Ricks* v. *Dillahunty*, 8 Porter, 134; *West* v. *Cunningham*, 9 Porter, 104; *Armstrong* v. *Buford*, in MSS. The charge refused was abstract; there is no evidence to prove many of its recitals. The evidence as to the inspection laws were wholly irrelevant; they were not in existence when the contract was made.

JUDGE, J. — This was an action upon a promissory note, and was declared on as follows: " The plaintiff claims of the defendant one hundred and seventy dollars due by promissory note made by him on the seventh day of March, 1870, and payable the 1st day of November, 1870, with interest thereon, which said note is the property of the plaintiff."

The note offered in evidence by the plaintiff was as follows: " By the first day of November next, I promise to pay J. S. Dunham, ag't, or bearer, one hundred and seventy dollars, being for guano this day furnished by J. S. Dunham, ag't, to enable me to make a crop this year. This the 7th day of March, 1870. (Signed) ISAAC N. PRESTON."

The defendant objected to the introduction of the note in evidence on the ground that it was variant from that described in the complaint.

The rule is, that when the pleader attempts to set out the contract in *hœc verba*, a *technical variance* in an immaterial matter will be noticed. But when the pleader does not attempt this particularity, it is sufficient to declare according to the legal effect of the contract. *Harrison* v. *Weaver*, 2 Port. 542.

One variance here complained of is, that the word " ag't," which occurs in the note, is omitted in the complaint; another is, that the note is made payable " *by* " the first day of November, when it is described as being payable " *on* " said day; and still another is, that the complaint omits to state the consideration on which the note was given as it is set forth in the note itself.

We hold that the note was described according to its legal
VOL. LII.

[Preston *v.* Dunham.]

effect in every respect, and that the city court did not err in overruling defendant's objection.

The defendant's pleas numbered 4, 5, and 6, respectively, were severally demurred to by the plaintiff, and the demurrer to each was sustained. Plea numbered 4 was, that the note sued on was not the property of the plaintiff ; this plea was not verified by affidavit, and there was no error in sustaining the demurrer to it, although it might, on motion, have been stricken from the files. Plea numbered 5 was, that the guano which constituted the consideration of the note had not been inspected as required by a statute of the State. The act providing for the inspection and stamping of fertilizers offered for sale within this State did not become a law until March 8, 1871 ; the note sued on was executed just twelve months before, so that the statute was not in existence when the contract was made. This was sufficient, waiving the consideration of all other defects in said plea, to justify the action of the court in sustaining the demurrer to it. The 6th plea was, that " said guano was required to be inspected by the laws of Georgia," and that this had not been done. The record fails to give us any information by which we can perceive any connection between the laws of Georgia and said guano. The demurrer to this plea was also rightfully sustained. We think the court might well have ordered to be stricken from the files the whole of said pleas from the 4th to the 6th inclusive, on the ground that they were frivolous.

The defendant offered to prove by one Dunn that he had used the " same kind " of guano as that purchased by the defendant, and that it was " worthless and of no value." The court refused to permit him to introduce this evidence, and committed no error in so doing, as it would have been irrelevant to the issue. And so of the proposed evidence of the same witness, which was rightfully excluded, that he was inspector of guano for Lee county, and that the guano sold to defendant had never been inspected.

The court gave to the jury the following charges : " That if they should believe from the evidence that the note sued on was given for guano, and that the guano was delivered to the defendant, then they must find for the plaintiff, even though they should believe from the evidence that the guano was worthless ; provided, however, there was no warranty of the article or false representations made by the seller, or his agent, in regard to it." To this charge the defendant excepted.

It is the settled law of this State, that, " to entitle the purchaser to recover for any defect in the quality or soundness of the article or property sold, except under special circumstances,

[Crowder v. Moone.]

he must prove that the seller warranted the thing sold to be good and sound, or that he concealed or fraudulently represented its qualities." *Ricks* v. *Dillahunty*, 8 Porter, 133 ; *West* v. *Cunningham*, 9 Porter, 104 ; *Barnett* v. *Stanton & Pollard*, 2 Ala. 181.

The bill of exceptions in this case purports to set out all the evidence introduced on the trial, and there is no evidence whatever showing or tending to show that the plaintiff warranted the guano sold to the defendant to be good and sound, or that he made any fraudulent representation or concealment as to its qualities. There was no error, therefore, in the charge of the court.

The court properly refused to give the charge requested by the defendant, which was as follows : " If the plaintiff represented the guano to be a good article, by himself or agent, and it proved to be worthless, then the plaintiff cannot recover ; and if the evidence is precisely balanced, the plaintiff cannot recover."

This charge was properly refused, if for no other reason, because it was not moved for in writing. Rev. Code, § 2756 ; *Milner & Wife* v. *Wilson*, 45 Ala. 478. Furthermore, it was abstract ; if not wholly so, the first position of it clearly was. And inasmuch as the charge asserted two distinct legal propositions, one of which was erroneous, the court rightfully refused to give the whole. *Slater* v. *Carter*, 35 Ala. 679.

It follows from what we have said that the judgment must be affirmed.