# Weir, *et al.* *v.* S. & J. T. Clark.

## *Detinue.*

(Decided April 9, 1912.   58 South. 793.)

1. *Continuance; Condition; Enforcement.*—Where a continuance
was granted on condition that the defendant should pay the cost
by the next term of the court, or judgment would be rendered
against her, it was within the discretion of the court to enforce
the terms of the continuance.

2. *Same.*—Where defendant was granted a continuance on condi-
tion that if she fails to pay the costs by the next term of the
court, judgment should be rendered against her, the word "by" did
not mean "before," but meant "as soon as," or, "not later than," and
so, payment of cost on the day of the next term, when the case
was called, is sufficient.

APPEAL from Pickens Circuit Court.

Heard before Hon. BERNARD HARWOOD.

[Weir, et al. v. S. & J. T. Clark.]

Detinue by S. and J. T. Clark, against Peter Weir, and others. Judgment for plaintiffs and defendants appeal. Reversed and remanded.

WALTER NESMITH, and TYSON, WILSON & MARTIN, for appellant. The court erred in rendering judgment for the plaintiffs without a trial on the merits, and in refusing to permit the introduction of evidence that the claimant was the owner of the property.—36 Ore. 307; 121 N. C. 12; *Montgomery & Wetumpka P. R. Co. v. Persee, et al.*, 25 Ala. 536. The defendant offered to pay cost at the time.—*Dunlap v. Horton*, 49 Ala. 412. The court erred in admitting the replevy bond in evidence. —16 Cyc. 1206.

PATTON & PATTON, for appellee. The court did not err in rendering judgment for the plaintiff.—Rule 16, Cir. Ct. Pr.; 56 Ala. 450; 38 Ala. 319; 104 Ala. 548; 87 Ala. 374. The word "by" evidently means "before that time" or "when the time had arrived."—30 S. C. 210; 126 Pac. 210; 2 Words & Phrases, 1400. The bond was admissible.—*Wallis v. Long*, 16 Ala. 736.

WALKER, P. J.—When the case was reached for trial on the regular call of the docket, an offer was made on behalf of the defendant Sue Lee Weir to pay the amount of costs which had been adjudged against her on the granting of her application for a continuance at the next preceding term of the court. The court refused to permit her to pay such costs at that time and to defend the suit on the merits, and, on motion of the plaintiffs, entered judgment against her for the property sued for, and proceeded to execute a writ of inquiry to ascertain its alternate value and the amount of damages for its detention. This action of the court evi-

dently was the result of its conclusion that the offer to pay the costs came too late to enable the defendant to save herself from the forfeiture of her right to contest the plaintiff's claim, which was provided for by the provision in the order of continuance "that, if the defendant fails to pay said cost by the next term of this court, judgment shall be rendered against her for the property sued for and damages for its detention." The suggestion was adopted that the requirement that the costs be paid "by the next term" could not be complied with by a payment made after the commencement of that term. If that was the meaning of the order of continuance, it was within the discretion of the court to hold the defendant to the terms on which the continuance was secured.— *Rhea v. Tucker,* 56 Ala. 450; *Torrey's Ex'r v. Bishop,* 104 Ala. 548, 16 South. 422.

But we are of opinion that the court misconstrued the requirement of the order of continuance. It gave to the word "by," when used to define the limit of time within which an act is permitted to be done, the effect of excluding the date or event in connection with which it is used. This meaning is not usually accorded to that word when used in such a connection. In the case of *Preston v. Dunham,* 52 Ala. 217, it was held that a note which was made payable "by" the 1st day of November was due on that day, not before that day. In deciding that a subscription conditional on raising a certain sum "by" a certain day was enforceable where the requisite amount was subscribed at a meeting held on the night of that day, the Supreme Court of North Carolina, in the case of *Elizabeth City Cotton Mills v. Dunstan,* 121 N. C. 12, 27 S. E. 1001, 61 Am. St. Rep. 654, said: " 'By' has many significations, but when used to designate a terminal point of time it is defined by the Century Dictionary to mean 'not later than;' 'as early as.'

The Standard defines it 'not later than,' and Webster 'not later than;' 'as soon as.' The condition, therefore, 'by July 1st,' meant that the whole amount should be subscribed 'not later than' July 1st." "A contract to pay or deliver 'by' a certain day gives the whole of such day for performance."—2 Page on Contracts, § 1153.

These evidences of the meaning to be accorded to the word "by," when used as it was in the order of continuance, sufficiently support the conclusion that that order did not have the effect of requiring the defendant to pay the costs assessed against her before the beginning of the next term of the court. Having in view this conclusion, and also the obvious purpose of the order to make the defendant's right further to defend the suit subject to the condition that she first pay the costs assessed against her, the further conclusion follows that an offer on her part to pay such costs is not to be regarded as coming too late if made before she was again to be put to the maintenance of her defense; in other words, before the trial of the case was entered upon at the succeeding term of the court, to which she procured its continuance. Indeed, similar orders as to a party giving security for the costs "by" the succeeding term have heretofore been so construed in this state as to permit him to give the security when the case is called for trial at the term to which it was continued.—*Reese v. Billing,* 9 Ala. 263; *Whitaker v. Sanford,* 13 Ala. 522. Under this view of the meaning and effect of the terms imposed by the order of continuance, the action of the court in refusing to permit the defendant to pay the costs at the time she offered to do so cannot be sustained. The result of its action was wrongfully to deprive her of the opportunity of qualifying herself to make defense in the trial then about to be entered upon.

Reversed and remanded.