(122 So. 608)

### MORRIS v. McELROY, Circuit Judge.
### (6 Div. 375.)

Supreme Court of Alabama.   May 23, 1929.

Horace C. Wilkinson, of Birmingham, for appellee.

Von L. Thompson, Cora R. Thompson, Mullins & Jenkins, and Harrison Kendrick, all of Birmingham, for appellant.

PER CURIAM.   While we do not approve all that is said in the opinion of the Court of Appeals, we concur in the result.

The authority to grant or refuse a continuance of a pending cause resides in the court, and not the judge, and an application for continuance is, as we have respectively held, addressed to the sound discretion of the court, and will not be reviewed, unless the discretion is grossly abused; and then only on appeal, where the facts may be fully presented.

The power and authority to set aside a continuance and reset the case for trial is likewise a power to be exercised by the court, and rests upon the same principles.

Therefore, conceding that the court, while being presided over by Judge Snyder, rightfully exercised the power to continue, still it appears from the finding of the Court of Appeals that the case in question had been regularly assigned for trial, by the Presiding Judge, to Judge McElroy's docket, and the court presided over by him, in the exercise of its discretion, had the authority to set the continuance aside and reset the case for trial, and mandamus will not be granted to review the exercise of this discretion.

Though the constitutionality of Acts 1927, p. 637, amending section 6693 of the Code, is

argued, the exigency of the case does not require the question to be decided.

Writ denied.

ANDERSON, C. J., and SAYRE, THOMAS, and BROWN, JJ., concur.