165 So. 584

### Ex parte THREE MINUTE CEREAL CO.
#### 6 Div. 801.

Supreme Court of Alabama.
Jan. 23, 1936.

Taylor & Higgins, of Birmingham, for respondent.

London, Yancey, Smith & Windham and Al. G. Rives, all of Birmingham, for petitioner.

GARDNER, Justice.

Petitioner insists (as the main question in the case) that the order of continuance entered October 26, 1933, was valid, and that plaintiff in the action, having

accepted the continuance on the conditions therein stated, cannot thereafter question its validity. Humes v. O'Bryan & Washington, 74 Ala. 64; McLaughlin v. Beyers, 175 Ala. 544, 57 So. 716.

■■ But this does not answer the exigencies of petitioner's case. Though indefinite both as to amount and time of payment, yet for the purpose in hand the validity of the order may be conceded. It was not, however, an order on condition (Ex parte Abrams, 48 Ala. 151), but one imposing terms only. And it may further be conceded that plaintiff, having accepted the continuance on the terms stated in the order, would have no legal right to question its validity. But plaintiff is not placed in the attitude of such an attack. The order of continuance entered was that of the court, and not the judge (Morris v. McElroy, 219 Ala. 369, 122 So. 608), and it is of course well understood that the extraordinary remedy of mandamus is only to be granted when there is a clear specific legal right shown, for the enforcement of which there is no other adequate remedy. Ex parte Smith, 228 Ala. 232, 153 So. 152.

■ As previously observed, the order was one imposing terms only, and the granting of petitioner's prayer for relief in the instant case would be paramount to a denial of the court at a subsequent term to exercise a sound discretion as to whether or not the terms of the order should be modified, or else result in a holding that such modification by the court would be a gross abuse of discretion. Morris v. McElroy, supra; City of Birmingham v. Banks, 228 Ala. 295, 153 So. 189.

Clearly no abuse of discretion is made to appear, and that the court at a subsequent term may make such modification in the exercise of a sound discretion, is, we think, established by our decisions. Rhea v. Tucker, 56 Ala. 450; Torrey v. Bishop, 104 Ala. 548, 16 So. 422. See, also, 13 Corpus Juris, 195; Weir v. S. & J. T. Clark, 4 Ala.App. 302, 58 So. 793.

The principle recognized, therefore, in Humes v. O'Bryan & Washington, supra, and McLaughlin v. Beyers, supra, is here without application. The question is one, not of plaintiff's legal right to avoid the order, but of the power of the court, in the exercise of a sound discretion, to subsequently modify its terms.

Other theories for a denial of the writ are here argued, but consideration thereof is pretermitted, as the foregoing views are conclusive of the case against petitioner upon the merits.

It results that the writ will be denied.

Mandamus denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.