# Shackleford *v.* The State.

### *Indictment for Attempt to Poison.*

1. *Sufficiency of indictment in description of poisonous substance.*—An indictment for an attempt to poison must allege that the drug, or other substance administered, was a deadly poison, or such as was calculated to destroy human life; and the better practice is to specify the name of the drug, or other substance, or that it was unknown.

2. *Change of venue; when application must be made.*—An application for a change of venue, in a criminal case, is required to be made " as early as practicable before the trial " (Code, § 4911); and it comes too late when made after several postponements of the case, after an application for a continuance has been overruled, after the witnesses have been sworn and put under the rule, and after the solicitor has expressed himself satisfied with the jury.

3. *Threats against third person; admissibility of.*—The prosecution having proved the defendant's threats to kill the person whom he is charged to have attempted to poison, which threats were made to a woman with whom each of them had an illicit connection, it is permissible to prove his threats, made in the same conversation, to kill the woman also.

4. *Charge ignoring proof of time and place.*—A charge is misleading, if not erroneous, which authorizes the jury to find a verdict of guilty without any consideration of the evidence as to the venue, or as to the time when the offense was commited.

FROM the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The second count of the indictment in this case, on which alone the defendant was tried and convicted, charged that the defendant, J. B. Shackleford, " unlawfully attempted to poison Coon Penn, in this, that he, the said defendant, did unlawfully, and with malice aforethought, administer to, and cause to be taken by the said Coon Penn, a poisonous drug, with the intent then and there felonously to kill and murder the said Coon Penn, against the peace," *etc.* The defendant demurred to this count, and, after conviction, moved in arrest of judgment. on account of its alleged insufficiency ; but his demurrer and motion were overruled. He also made an application for a change of venue, which was refused, and excepted to the refusal. This application, the bill of exceptions states, " was made on the 17th of March, after the case had been called on the 6th, when it was passed to a future day, again called for trial, and again on two occasions passed on request of the defendant, he being present in person and by counsel; and when finally called, on the afternoon of March 17th, defendant again

[Shackleford v. The State.]

moved the court to continue the cause; and after the court refused to again pass or continue the cause, and the witnesses on both sides had been sworn and put under the rule, and the solicitor had passed on the jury."

On the trial, issue being joined on the plea of not guilty, the State introduced evidence tending to show that the defendant had kept up an illicit intercourse for a year or two with a woman called Eliza Barnett, with whom he also boarded; that Coon Penn also boarded at her house, and was criminally intimate with her; that the defendant became jealous of Penn's attentions to the woman, and insisted to each of them that he should leave the house; and that on or about the 10th of February, 1886, before the finding of the indictment, he administered to said Penn a quantity of strychnine in a drink of whiskey. Said Eliza Barnett was introduced as a witness on the part of the State, and testified that the defendant came to see her one night, a short time before the strychnine was administered to said Penn, and had a conversation with her, "in which he said that he would kill said Penn, if he did not quit boarding with her; and that afterwards on the same night, while further making known to her his objections to said Penn's boarding with her, he said that he would kill her." The defendant objected to the admission of this evidence as to the threat to kill the woman, and excepted to the overruling of his objection.

The court gave the following charges to the jury, on the request of the prosecution: (1.) "If the jury believe from the evidence, beyond a reasonable doubt, that the defendant unlawfully attempted to poison Coon Penn, as charged in the second count of the indictment, then they must find the defendant guilty." (2.) "The jury must determine the guilt or innocence of the defendant from all the evidence." (3.) "The jury can not capriciously reject the testimony of a witness, but the weight to be given to the evidence must be determined by them after looking at all the circumstances." The defendant excepted to each of these charges.

HEWITT, WALKER & PORTER, for appellant, cited *Clarissa v. The State*, 11 Ala. 57; *Anthony v. The State*, 29 Ala. 27; *Salomon v. The State*, 27 Ala. 27; *Huffman v. The State*, 28 Ala. 48; *Bain v. The State*, 61 Ala. 75; *Gooden v. The State*, 55 Ala. 178.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The indictment is under section 4314 of the present Code (1876), which makes it a felony for one to

[Shackleford v. The State.]

" attempt to poison any human being, or to commit murder by any means not amounting to an assault."

Under the authority of the previous decisions of this court, we hold that the indictment should have stated that the drug alleged to have been administered was a deadly poison, or such as was calculated to destroy human life.—*Anthony v. The State*, 29 Ala. 27 ; *The State v. Clarissa*, 11 Ala. 57.

The better rule, moreover, is for the indictment to specify the name of the poisonous drug used in the attempt, or, if it be unknown to the grand jury, to so allege. That this is necessary, however, we do not now decide.—Bishop on Stat. Crimes, (2d Ed.) §§ 756–757 ; Bishop's Directions and Forms, §§ 138, 213 ; 2 Bishop's Crim. Proc. (3d Ed.), §§ 644–648, 553, 514 ; *Carter v. The State*, 2 Ind. 617. For this defect, this judgment must be reversed, and the cause remanded.

The application for a change of venue was properly refused. The statute requires that such an application should be made " as early as practicable before the trial."—Code, 1876, § 4911. Nor is this changed in any manner by the recent statute authorizing this court to review and revise the action of the primary court in refusing to grant such application.—Acts Ala. 1884–85, p. 140.

The record shows that the presentation of the motion for a change of venue in this case was unreasonably delayed. The cause was called for trial on three separate occasions between the sixth and seventeenth of March, and was each time passed at the request of the defendant, when an application was made to continue the cause, which was refused. And finally, when the application relating to venue was made, it was after the witnesses on both sides had been sworn and put under the rule, and the solicitor had expressed himself satisfied with the jury. *Wolf v. The State*, 49 Ala. 349 ; Code, § 4911.

There was no error in admitting in evidence the threat of the defendant to kill the witness Eliza Barnett, it being a part of the same conversation in which he had made a similar threat against Coon Penn—the person whom he was charged with attempting to poison. The witness was shown to be the paramour of both the defendant and of Penn, and it was not unnatural that jealousy should have prompted the injury of the rival in her illicit affections, as well as of the paramour herself. Threats against her were, under the circumstances, relevant to show the intensity of the defendant's malice towards Penn ; and the threat made by him to kill the witness Eliza Barnett may have originated in a common motive of malice in view of her alleged illicit relations towards Penn. There was no error, therefore, in admitting evidence of the threat as testified to by this witness.

[Harrison v. The State.]

The charges given by the court, at the request of the State, were obviously correct, except the first, which was misleading, if not erroneous, in ignoring the consideration by the jury of any question as to the time when the offense was committed, and the matter of venue.

The judgment is reversed, and the cause remanded. The prisoner, in the meanwhile, will be. held in custody until discharged by the due course of law.