# Fallin *v.* The State.

## *Indictment for Murder.*

1. *Change of venue.*—An application for a change of venue is required to be made as early as practicable before the trial (Code, § 4485) ; and it comes too late on the day of the trial, after the State has announced ready, unless sufficient reasons are shown for not making it at an earlier day.

2. *Charge as to self-defense, ignoring duty to retreat.*—A charge asked in a case of homicide, instructing the jury that, if the defendant did not bring on the difficulty, but was quietly talking to the deceased, when the deceased used insulting words, and placed his hand upon or in the direction of his pocket, in such a manner as to indicate to a reasonable mind that his purpose was to draw a weapon, though he was in fact unarmed, the defendant was authorized to anticipate him, and strike first, is properly refused.

FROM the Circuit Court of Elmore.

Tried before the Hon. JAMES R. DOWDELL.

The defendant in this case, Jesse T. Fallin, was indicted for the murder of Ross Powell, "by striking him with a hoe;" was convicted of murder in the second degree, and sentenced to the penitentiary for the term of ten years. On the trial, he made an application for a change of venue, and excepted to its refusal; and he also excepted to a charge given by the court *ex mero motu*, and to the refusal of a charge asked by him in writing. The charge given was in these words: "If the jury believe from the evidence that the defendant could have safely retreated, or could have safely disarmed the deceased, without danger to himself, then he is not guiltless of the homicide." The charge asked and refused was in these words: "If the jury believe from the evidence that the defendant did not bring on the difficulty, but was talking to the deceased in a quiet and orderly manner, and the deceased called him a 'blamed lying son of a bitch,' and placed his hand upon or in the direction of his pocket, in such a manner as to indicate to a reasonable mind that his purpose was to draw a weapon; then the defendant was authorized to anticipate him, and strike first; and it makes no difference if it should turn out that the deceased was in fact unarmed, as the law of self-

[Fallin v. The State.]

preservation does not require that the defendant should wait until the weapon was drawn, but he had a right to act on the reasonable appearance of things."

W. P. GADDIS, T. L. BULGER, and H. C. TOMPKINS, for appellant, cited *DeArman v. State*, 71 Ala. 351; *Carroll v. State*, 23 Ala. 28; *Miller v. State*, 54 Ala. 154; *Oliver v. State*, 17 Ala. 587; *Williams v. State*, 83 Ala. 16; *Seams v. State*, 84 Ala. 410.

THOS. N. MCCLELLAN, Attorney-General, and WATTS & SON, contra, cited *Fallin v. State*, 83 Ala. 5; *Shackleford v. State*, 79 Ala. 26; *Wolf v. State*, 49 Ala. 359; *Holmes v. State*, 23 Ala. 17; *Cross v. State*, 63 Ala. 40.

CLOPTON, J.—The first error urged relates to the refusal of the court to grant a change of venue. By the statute, a person charged with an indictable offense, who desires to have his trial removed to another county, must specifically set forth, under oath, the reason why he can not have a fair and impartial trial in the county in which the indictment is found. The application must be made as early as practicable before the trial, but may be made after conviction, on a new trial being granted.—Code, 1886, § 4485. The homicide was committed in May, 1887. The indictment was returned and filed in court, and the defendant was tried, in August of the same year. On this trial, he was convicted of murder in the second degree. On appeal, the judgment was reversed, in January, 1888. At the February term, 1888, the case was continued, at the instance of the defendant. On August 7, 1888, the defendant being present in court, the fifteenth day of the same month was set for his trial. On the latter day, after the State had announced ready for trial, application for the change of venue was made for the first time. The reason assigned for the delay is, that the defendant was confined in jail until May 3, 1888, and had been unable to secure the information upon which the application is founded.

It is manifest that all the material facts, set forth in the affidavit of the defendant in support of the application, transpired, if not before his first conviction, certainly before February, 1888, except the election of Powell, a brother of the deceased, and of Parker, who, it is alleged, prepared and circulated petitions to have the defendant denied bail after

[Fallin v. The State.]

his preliminary trial, to the office of sheriff and member of the legislature respectively, August 6, 1888. It does not appear that Powell had qualified and entered upon the duties of his office, at the time of the trial of defendant; nor is it shown that he had anything to do with the drawing and summoning the jury, or attempted in any way to prejudice the public mind against the defendant; nor that Parker did anything whatever after his election. Neither does the affidavit show at what time, or in what manner, the defendant obtained information of the facts set forth in the application. The statement that he had been unable to secure the information, is very general and vague. The object of the requirement, that the application shall be made as soon as practicable before the trial, is, that there shall be no delay, nor unnecessary expense in summoning jurors, and no experimenting upon the chances of the State failing to be ready. It was practicable to make the application, if not at the February term, 1888, at least on the day of the succeeding term when the order was made setting a day for the trial. It is not shown that the defendant was not informed at the time of all the facts alleged in his application. He had then been released from confinement for three months. *"The application must be made as early as practicable before the trial."* Being present in court when the future day was set for his trial, and waiving his plea of former acquittal, the defendant should then, in conformity with the statutory requirement, have made the application, or shown reasons for not having done so. As he did not make it, either at the February term, or at the next term, when the order was made setting a day for his trial, it came too late on the day of the trial, and after the State had announced ready.— *Shackleford v. State*, 79 Ala. 26.

It is conceded, that if the charge requested by the defendant had instructed the jury, in terms, to acquit the defendant upon its hypothesis being found true, it would be obnoxious to the objection, that it pretermits the duty of retreat. Such is the legal effect of the charge, the same as if expressed in terms. It instructs the bury, that if the hypothetical facts are believed, the defendant was authorized to anticipate the deceased, and strike first—in other words, to strike in self-defense. If so authorized, an acquittal should, of necessity, follow. Several charges, substantially asserting the same proposition, were considered on the former appeal, and held to have been properly refused *Fallin v. State*, 83 Ala. 5.

The evidence shows that the deceased and the defendant were standing about four feet from each other when the blow was struck, and that defendant was the more powerful man. He himself testified that he could have caught the deceased, and prevented his drawing a weapon. Necessity, real or apparent, to take the life of the deceased, in order to prevent grievous bodily harm, is essential to justify or excuse the killing. If the defendant could have safely retreated, or have disarmed the deceased without danger to himself, admitting that he had a weapon, and thus have prevented injury, and this was believed by defendant, there was no real or apparent necessity to take life.

There is no error in the record.

Affirmed.

