# Spann *v.* Torbert.

## *Action for Unlawful Detainer.*

1. *Continuance; when properly refused.*—The continuance of a case is within the discretion of the trial court, and the exercise of this discretion will not be reviewed on appeal, except in a case where it is shown that the court has abused the discretion vested in it; and where, in a civil suit, the defendant asks for a continuance on the ground of his sick-

[Spann v. Torbert.]

ness, and it is shown to the court that at the last term a continuance was had at the instance of the defendant upon the same ground, and that the defendant was not too sick to attend court at the present term, and the court postpones the trial of the case to two separate days, and it appears on the last day that the defendant had left the place of holding court and gone to his home, the court, in refusing to continue the cause, does not abuse its discretion.

2. *Unlawful detainer; review of court's refusal to allow party to be made defendant to pending suit.*—In an action of unlawful detainer where a motion is made to make a third party, who is shown to be the landlord of the defendant, a party defendant to the suit, but neither the motion nor the ground thereof is shown by the bill of exceptions or otherwise in the record, the ruling of the court in refusing such motion will not be reviewed on appeal.

3. *Same; evidence; admissibility of deposition taken in another cause.*—In a trial of an action for unlawful detainer, the deposition of the defendant, taken in a chancery suit involving the same lands, in which deposition the defendant admits having possession of the land in controversy, is admissible in evidence, and there is no merit in an objection to the introduction in evidence of such deposition on the ground that it was irrelevant, incompetent and was detached from a chancery file without the permission of the chancellor.

4. *Same; sufficiency of evidence as to annual rental of land.*—In an action of unlawful detainer, where the evidence shows that the defendant had rented the premises for an annual rental of $125, there is sufficient evidence to support a verdict of the jury assessing the rental value of the land at $75.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of unlawful detainer, brought by the appellee, C. C. Torbert, against the appellant, W. J. Spann. The defendant pleaded the general issue.

When the case was called for trial, and after the plaintiff had announced ready, counsel for the defendant stated that the defendant was sick, and he thereupon moved for continuance of the term. This motion was resisted by the plaintiff, who stated that the defendant had the case continued at the last term; that he had seen the defendant the evening before walking on the street, and that he did not appear to be sick, but seemed

[Spann v. Torbert.]

to be drinking. The court declined to continue the case
for the term, but stated that he would continue it until
the next day, which was Wednesday. When the case
was called on Wednesday, counsel for the defendant
stated that his client was still sick and unable to attend
court, and introduced a physician who testified that he
had called to see the defendant and found him suffering
some pain, had administered medicine to him, which he
thought would give him relief, and that he did not con-
sider the defendant as being unable to attend court. The
court overruled the motion made by the attorney for
the defendant for a continuance for the term, but con-
tinued the case until the following day. On the next
day, when the case was called, the defendant was absent
and his attorney renewed his motion for a continuance
of the term, and again introduced the physician who
had been in attendance upon the defendant. The physi-
cian testified that after the court adjourned on the day
before, he again visited the defendant and found him
suffering more than he was the day of his previous visit;
that he gave the defendant such medicine as was neces-
sary. It was shown by the plaintiff that the defendant
had gotten up and gone to his home four or five miles
in the country. Thereupon the court overruled the
motion for a continuance and compelled the defendant's
attorney to go to trial. To this ruling the defendant
duly excepted. Motion was then made by the defend-
ant to make Fannie O. Treadwell a party defendant.
The ground of this motion is not set out in the bill of
exceptions. The court overruled the motion, and the
defendant duly excepted. Fannie O. Treadwell then
made application to the court to be made a party de-
fendant, but neither this application, nor the ground
therefor, is shown in the bill of exceptions. The court
overruled this application, and the defendant duly ex-
cepted.

The evidence showed that the plaintiff rented to the
defendant a tract of land for the years 1896 and 1897
for $125 rental for each year; that the plaintiff declined
to rent the land to the defendant in 1898, but made
written demand upon him to surrender possession there-
of; that the defendant declined to surrender possession,

[Spann v. Torbert.]

stating that the land had been rented from Mrs. Tread-well for the year 1898. It was shown that the land which the defendant had rented from the plaintiff for the years 1896 and 1897 had been rented for the year 1898 from Mrs. Fannie O. Treadwell or her son, but that the defendant had not surrendered possession to the plaintiff before entering into the lease from Mrs. Treadwell.

The plaintiff offered to introduce in evidence a deposition of the defendant in the present suit, which was taken in a chancery suit between the plaintiff in the present suit and Mrs. Fannie O. Treadwell. In this deposition the defendant in the present suit testified to his having rented the lands from the plaintiff in the present suit for the years 1896 and 1897, and to his having declined to surrender possession to the plaintiff on his demand, assigning as ground therefor that said lands had been leased from Mrs. Treadwell for the year 1898. It was shown that this chancery suit was still pending. The defendant objected to the introduction of this deposition in evidence, upon the ground that it was incompetent and illegal and a portion of a chancery file, and had been detached without permission of the chancellor, and that the court in which the present suit was pending had no jurisdiction over the same. The court overruled the objection, and the defendant duly excepted.

There were verdict and judgment for the plaintiff, assessing the annual rental value of the land at $75. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MULKEY & MULKEY, for appellant, cited *Connell v. Sharpe,* 32 Ga. 445; *Mathews v. Willoughby,* 85 Ga. 289; *Elliott v. Field,* 21 Col. 378; *Orr v. Sparkman,* 120 Ala. 13.

GEORGE P. HARRISON, J. J. MORRIS, and C. D. CAR-MICHAEL, contra, cited *Barefoot v. Wall,* 108 Ala. 327; *Littleton v. Clayton,* 77 Ala. 571; *Gay v. Rogers,* 109 Ala. 624.

[Marshall v. A. Shiff & Son.]

TYSON, J.—The court not only did not abuse its discretion in refusing to continue the cause, but exhibited great patience and leniency in postponing it from day to day for the accommodation of the defendant.

The motion made by defendant to admit Fannie O. Treadwell a party defendant is not shown by the bill of exceptions or otherwise. We cannot know upon what grounds it was predicated. So, too, the application of Fannie O. Treadwell to be made a party is not in the record and, likewise, we are not informed of its contents. In support of the correctness of the rulings of the court in refusing both, we are bound to presume that they did not present a state of facts which would have authorized the granting of them.

There was no merit in the objection to the introduction in evidence of the deposition of the defendant taken in another case relating to the possession by him of the land in controversy. It was clearly an admission by him of the facts therein stated and was competent evidence against him. It is of no consequence that the deposition was a part of a file in the chancery court. That was a matter of which only the custodian of the papers of that court could complain.

The record contains sufficient evidence to support the verdict of the jury assessing the annual rental value of the land at $75.

Affirmed.