# Kelly *v.* The State.

## *Murder.*

(Decided May 11, 1909.   49 South. 535.)

1. *Criminal Law; Venue; Change; Time.*—Where an accused makes an application for a change of venue on the day set for the trial of the cause, but files no affidavit, and offers no other evidence in support thereof, the application is properly denied as coming too late unless good reason is shown for the delay.

2. *Continuance; Discretion of Court.*—Unless gross abuse of the discretion is shown, the action of the court in refusing or granting continuances will not be reviewed.

3. *Witnesses; Attendance; Right to Compulsory Process.*—Where the state is compelled to admit a showing for absent witnesses and it appears that to have issued process for them at the time the application was made would have been unavailing for that trial, the accused is not denied his constitutional right to have compulsory process for his witnesses.

4. *Same; Cross Examination; Scope.*—Whether or not, a witness was a beginner at the game of craps, was not a proper inquiry in a murder case, and hence there was no error committed in declining to allow the accused to ask the state's witness such a question on cross examination.

5. *Same; Defendant as a Witness.*—Where a defendant elects to testify for himself, he waives his constitutional right to cross examination and impeachment the same as other witnesses, and may be questioned as to prior statements made by him whether they are shown to have been voluntarily made or not, and his answers thereto may be contradicted by the other evidence.

6. *Homicide; Evidence; City Ordinances.*—Where the proof tended to show that the defendant was violating the city ordinance when the deceased, who was a police officer, attempted to arrest him and others, and the police officer was killed, the municipal ordinance of the city, the proper predicate having been laid, was properly admitted in evidence.

7. *Trial; Offer of Evidence; Necessity for Offering.*—Where it was not made to appear what the answer would be to a question as to where a state's witness got the pistol in question so that the court could know whether such evidence was relevant, it is not error to exclude the answer.

8. *Charge of Court; Reasonable Doubt.*—A charge asserting that before the jury can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with his guilt, but that it is wholly inconsistent with every other rational conclusion, and unless they are so convinced by the evidence of his guilt that they would each venture to act upon that decision in matters of

[Kelly v. The State.]

the highest concern and importance to his own interests, they should find the accused not guilty, is properly refused.

9. *Same; Participation in Offense.*—A charge asserting that if the jury believe from the evidence that the defendant had submitted to arrest on the night when the deceased was killed, and took no part in the conspiracy if a conspiracy existed, and did not fire the shot which killed decedent, they should acquit, was properly refused, the deceased being a police officer who was killed while attempting to arrest the defendant and others.

10. *Appeal and Error; Review; Finding of Facts.*—The finding of a fact by the jury, and the inferences by them properly drawn from the evidence are conclusive both upon the trial court and upon this court.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Frank Kelly was convicted of murder in the first degree, and appeals. Affirmed.

The facts are stated in the opinion of the court. The following charges were refused to the defendant: (6) "Before the jury can convict a defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty." (8) "If you believe from the evidence that Frank Kelly had submitted to arrest on the night when Thompson was killed, and took no part in the conspiracy, if a conspiracy existed, and did not fire the shot which killed Thompson then you must find the defendant not guilty."

CECIL BROWNE, and J. C. BURT, for appellant. Registers in Chancery has authority to administer oaths and take affidavits.—Parag. 12, sec. 3074; Civil Code. The application for change of venue should have been granted.—Sec. 7851, Code 1896; *Taylor v. The State,* 48 Ala.

180; *Woolf v. The State,* 39 Ala. 356; *Shackelford v. The State,* 79 Ala. 26; *Byers v. The State,* 105 Ala. 31; *Thompson v. The State,* 117 Ala. 67; *Neville v. The State,* 118 Ala. 657; *Williams v. The State,* 147 Ala. 22; 12 Cyc. 247. The motion for the continuance should have been granted.—*White v. The State,* 86 Ala. 69; *Walker v. The State,* 117 Ala. 85; *Huskey v. The State,* 129 Ala. 99; 12 Cyc. 543; Sec. 6, Const. 1901. The court erred in refusing charges 6 and 8.—*Bartlett v. The State,* 107 Ala. 108; *Bouldin's Case,* 102 Ala. 78; *Brown's Case,* 108 Ala. 18; *Picken's Case,* 115 Ala. 42; *Bones' Case,* 117 Ala. 138. As to charge 8 see also.—*Green v. The State,* 97 Ala. 59. The court erred in its oral charge.—*State v. Murphy,* 6 Ala. 765; *Watkins v. The State,* 89 Ala. 115; *Turner v. The State,* 97 Ala. 57; 8 Cyc. 620.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, MARION H. SIMS, Solicitor, and WHITSON & HARRISON, for the State. The application for change of venue was subject to the objection that it came too late.—Sec. 5851, Code 1896; *Byers v. The State,* 105 Ala. 31. The court was right in denying the application as it was presented.—*Byers v. The State,* 105 Ala. 31; *Gilmore v. The State,* 126 Ala. 35. The matter of continuance cannot be reviewed.— *Terry v. The State,* 120 Ala. 286. It was immaterial when and where the witness got the pistol.—*Ross v. The State,* 139 Ala. 144. A defendant may be impeached by proof of contradictory statements.—*Smith v. The State,* 137 Ala. 22. The court's oral charge was correct.— *Williams v. The State,* 81 Ala. 1; *Charley v. The State,* 94 Ala. 19; *Evans v. The State,* 109 Ala. 11; *Martin v. The State,* 136 Ala. 32. Charge 6 was an argument.— *Sanders v. The State,* 134 Ala. 74.

MAYFIELD, J.—The indictment in this case was returned on March 7, 1908. The accused was arraigned on March 17, 1908, and the trial was set for April 9th following. On the day set for trial accused moved the court for a change of venue. The application was sworn to by accused. No affidavits were offered in support of the application, and no other evidence was offered to support the averments of the application or petition for the change of venue. The court, on motion of the solicitor, dismissed the application. On this showing we are not able to say that there was error in the dismission or denial of the application.

It has been held that the application comes too late, if not filed until the day of trial, unless some good reason is shown for the delay. None was shown in this case, so we cannot say the dismissal was error.—*Fallin's Case,* 86 Ala. 13, 5 South. 423; *Byers' Case,* 105 Ala. 31, 16 South. 716; 1 Mayfield's Dig. p. 858. Had this application been made in time and supported by proof, we think the change of venue should have been granted. There can be no doubt that there was intense feeling and prejudice prevailing in Talladega county at the time of this trial against all persons charged with the murder of Police Officer Thompson; this being the offense with which the accused, together with a number of other negroes, was charged. But on the showing made in support of the application we cannot say that it was error to deny the change of venue.

Continuances are within the discretion of the trial court, and its action in granting or refusing a continuance will not be reviewed by this court on appeal, unless a gross abuse of the discretion is shown.—*White v. State,* 86 Ala. 69, 5 South. 674; 1 Mayfield's Dig. p. 232.

The accused was not denied his constitutional right to be confronted by the witness against him, nor to have

compulsory process for his witnesses. Many of his witnesses were confessedly secreting themselves to evade arrest upon the charge of murder. The state was required to admit a showing for the absent witnesses for defendant. To have issued process for them at the time application was made would clearly have been unavailing for that trial.—*Winter v. State,* 123 Ala. 1, 26 South. 949; *Walker v. State,* 117 Ala. 85, 23 South. 670.

There was no error in denying to defendant the right to ask a state's witness whether or not the witness was a beginner at the game of craps. It was not a proper inquiry on this trial.

There was no error in allowing the introduction in evidence of the municipal ordinances of Talladega; proper predicates of identification and proof having been made, and there being proof tending to show that defendant was violating one of those ordinances when the deceased police officer, in attempting to arrest defendant, and others engaged with him, was killed.—*Selma Co. v. Owen,* 132 Ala. 430, 31 South. 598; *Barnes v. Alexander City,* 89 Ala. 602, 7 South. 437.

We are unable to see any possible relevancy of the evidence as to where the state's witness got the pistol in question. Furthermore, it was not made to appear what the answer would be, so as to allow the court to know whether the evidence would be relevant or not; and the trial court cannot be put in error unless it be shown that the proposed evidence was relevant.—*Ross v. State,* 139 Ala. 144, 36 South. 718.

When the defendant in a criminal case elects to testify for himself as a witness, he thereby waives his constitutional right of not being compelled to give evidence against himself as to that particular crime for which he is on trial; but he thereby elects to assert his other statutory right to testify in his own behalf, and if he so elects

to testify he becomes subject to cross-examination and impeachment, in the same manner and to the same extent as other witnesses in that particular trial.—Const. 1901, § 6; 1 Mayfield's Dig. 882. Having voluntarily become a witness for himself, he may be questioned by the state as to prior statements made by him, whether such statements are shown to have been voluntary or not, and his answers thereto may be contradicted by other evidence. —*Smith v. State,* 137 Ala. 28, 34 South. 396; *Hicks v. State,* 99 Ala. 169, 13 South. 375. The court in this case however, seems to have been cautious as to admitting the confessions or statements by the defendant in the nature thereof, and required the jury to retire, and required a predicate to be laid, and required the solicitor to show affirmatively that the statements of defendant were made voluntarily, before allowing proof of them against the accused.

The deceased was a very popular and faithful police officer of the city of Talladega. The defendant was a negro, and was present and engaged in betting at a game of craps with a half dozen or more negroes. The game of craps was being carried on within a mile of Talladega, in a road. It was at night, and the defendant and the others were playing by a firelight and one small lamp. In the midst of this game they were surprised by the deceased and other officers, who came suddenly upon them to arrest them for violating the law. Confusion and consternation seem to have prevailed among the participants in the game at this time. The deceased caught hold of defendant and was hollowing to the other negroes to throw up their hands or to halt; some of them running. The other officers were in pursuit of some of the fleeing negroes, while deceased was holding defendant and endeavoring to arrest others who were attempting to escape. At this juncture deceased was shot—by whom it

is not certain. He was dead when the other officers returned, which was within a few minutes; and all of the negroes, including the defendant, had fled. The defendant and two other negroes were shown to have had pistols on the occasion referred to. The defendant's pistol was found near the scene of the killing, and appeared not to have been discharged.

There was some evidence tending to show a conspiracy on the part of defendant and other crap players to kill the deceased and other officers, and some evidence of threats on the part of defendant to kill deceased if he attempted to arrest defendant. We find no error in the rulings of the court as to the evidence tending to show the conspiracy or threat on the part of the defendant, nor do we find any errors as to the charges of the court relating to these or any other questions involved in the trial. The court seems to have required proof to show that the declarations of defendant were voluntary, before allowing proof of them as admissions.

Charges 6 and 8, requested by the defendant, were properly refused.

We deem it unnecessary to treat each objection and question separately, further than we have done. We have examined the record carefully, for the reason that it is not made as certain to us as it might be that the defendant was properly convicted. There was, however, ample evidence from which the jury might infer all the necessary elements to support the verdict of guilty, found by them. The jury alone have the power to draw these inferences from the facts proved. Neither this court nor the trial court has power to reverse their findings as to facts, or to reverse the inferences by them properly drawn from the evidence.

If it should hereafter appear that the alleged confession made by defendant to the state's witness Robert

Harper in the guardhouse at Dothan, Ala., was false, then this would be a strong case for executive clemency. The jury probably believed this alleged confession. If it is true, of course, the defendant was properly convicted of murder in the first degree; but, if it is false (and it bears strong indications of being such), then there was scarcely enough evidence, aside from this, to support a conviction for murder. This was properly a question for the jury, and they may have properly decided; but, if their finding be wrong, we, as an appellate court, have no right or power to correct. Executive clemency is the only relief.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.