# McLaughlin *v.* Beyers.

*Imposition of Cost.*

(Decided February 8, 1912. 57 South. 716.)

*Appeal and Error; Judgment to Support; Continuance.*—A party is not entitled to accept a continuance and reject the terms imposed by the court, and the imposition of costs as a condition to granting a continuance is within the irrevisable discretion of the trial court, hence, the order and judgment imposing costs as a condition to a continuance will not support an appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Cora Beyers, pro ami, against George H. McLaughlin. From an order imposing cost as a condition to granting defendant's motion for a continuance, he appeals. Appeal dismissed.

STERLING A. WOOD, for appellant. Under the testimony the court should have granted a continuance without

the imposition of costs.—*Spann v. Torbert,* 130 Ala. 541.

W. J. WHITTAKER, and FRANK S. WHITE & SONS, for appellee. The imposition of costs as a condition to a continuance was the exercise of the irrevisable discretion of the court, and such an order will not support an appeal.

SOMERVILLE, J.—It was formerly held by this court that the granting or refusing of continuances was *entirely* within the discretion of· the trial court, and that its exercise was "beyond the jurisdiction of the appellate court to control or revise."—*Humes v. O'Bryan,* 74 Ala. 64, 78; *Campbell v. White,* 77 Ala. 397. Later it was said that "the continuance of a case is within the discretion of the trial court, and the exercise of this discretion will not be reviewed on appeal, except in a case where it is shown that the court has abused the discretion vested in it."—*Spann v. Torbert,* 130 Ala. 541, 30 South. 389. Still later it has been declared that the action of the trial court will not be revised on appeal unless a *gross abuse* of the discretion is shown.—*Kelly v. State,* 160 Ala. 48, 49 South. 535. It seems, however, that in criminal cases the constitutional right of the defendant to have compulsory process for his witnesses may sometimes be so involved in the question as to nullify the general rule as to discretion.—*Rodgers v. State,* 144 Ala. 32, 40 South. 572.

In the present case the suit was filed on March 22, 1909, and a demurrer was filed to the complaint on April 27, 1909. On October 20, 1909, and again on February 21, 1910, the cause was continued at the instance of defendant on account of his sickness. On June 2, 1910, defendant again moved for a continuance, show-

ing to the court in support thereof, as recited by the docket entry, "that the cause of action as set forth in the complaint had arisen after the sickness of the plaintiff (?) had begun, and that the plaintiff (?) had been in danger of death since the said sickness had begun, and at times very much better." Substituting "defendant" for "plaintiff" in this entry—as was evidently intended—it does not appear that defendant was physically or mentally unable to appear in court for trial on the date mentioned. Thereupon the court entered an order continuing the cause on account of defendant's sickness, and upon his paying all accrued costs within 30 days, for which execution was to be issued. The bill of exceptions recites that defendant "then and there in open court excepted to the said action of the said court, and the said judgment of the said court, in taxing them with the cost of the said cause as set forth in said motion (?)."

On June 24, 1910, defendant filed a motion to set aside "that part of the order of this court taxing him with the cost of said cause" on the ground, primarily, that he was sick and unable to attend court. Several other grounds are stated, but they do not merit mention or consideration. In support of this motion the testimony of defendant's attending physician was offered, and it seems to establish the fact of defendant's physical and mental unfitness to take part in the trial of his case—at least there was no testimony offered to the contrary. This motion was heard and overruled on June 29, 1910, to which defendant duly excepted. The transcript shows that this appeal is taken from the judgment for costs rendered June 2, 1910, and also from the judgment of June 30 (29?); 1910.

As has already been noted, the showing made for a continuance on June 2nd was wholly insufficient; and,

such being the case, no error could possibly have been predicated on an absolute denial of that motion. Exercising its lawful discretion, however, the motion was granted on condition that defendant should pay the costs already accrued.—*Torrey v. Bishop,* 104 Ala. 548, 16 South. 422. By a seasonable objection, defendant might have rejected the continuance on such terms, and complained of the refusal to grant a continuance, if he so desired. But the effect of his exception was to accept the continuance, with a rejection only of *the terms* imposed. This was held not permissible in *Humes v. O'Bryan,* 74 Ala. 64, 78, where it was said: "The enjoyment of the benefit of the order as made was an acceptance of the condition with which the court saw fit to burden it. The two should have been accepted or rejected as an entirety, and this course does not seem to have been followed."

The imposition of costs as a condition to granting the continuance being within the unrevisable discretion of the trial court, it follows that no appeal lies from the order and judgment of the court in that behalf, and the appeal must therefore be dismissed.

Appeal dismissed. All the Justices concur.