# Berthold & Jennings Lbr. Co. *v.* Geo. W. Phalin Lumber Co.

### Assumpsit.

(Decided June 1, 1916.   71 South. 989.)

**Continuance; Discretion; Statute.**—Where an action was instituted by attachment July 7, and complaint was filed Nov. 13, thereafter, three days before the first day of the term, or six days before the return of the attachment, or the time when the complaint was required to be filed, while defendant could have made demand on plaintiff for bill of particulars at any time after the suing out of the attachment, the refusal of the court to grant defendant's motion for a continuance made Nov. 18, after having demanded bill of particulars, under § 5326, Code 1907, on Nov. 14, was not an abuse of discretion.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Attachment by the Geo. W. Phalin Lumber Company against Berthold & Jennings Lumber Company. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals.

W. J. MONETTE, for appellant.   H. A. & D. K. JONES, for appellee.

THOMAS, J.—The plaintiff, appellee, instituted this action against the defendant, Berthold & Jennings Lumber Company,

[Berthold & Jennings Lbr. Co. v. Geo. W. Phalin Lumber Co.]

by attachment sued out in the circuit court on the 7th day of July, 1914. On that day the writ was levied on defendant's property in the county where the suit was instituted. On July 10, 1914, defendant executed a replevy bond for the property, and on the approval of the bond by the sheriff the property was, on July 11, 1914, returned to defendant. Three days before the first day of the court (November 13, 1914) plaintiff filed its complaint in the attachment suit. On November 14, 1914, defendant demanded a list of the items composing the account under section 5326 of the Code of 1907, and on November 18th thereafter, plaintiff filed in the cause and furnished defendant's counsel a specific list of the several items of the account, the foundation of the suit, aggregating 11,772 feet of lumber, of the aggregate value of $364.93, and subsequently amended the list or account by the allowance of credits which left the balance due thereon, as $53.20. Of the same date (November 18th) is the defendant's motion, duly verified, asking for a continuance on the several grounds specified therein. The motion for a continuance was denied by the court; and the exception to this ruling, reserved by the defendant, is properly presented by bill of exceptions.—*Hayes v. Woods*, 72 Ala. 92. And this ruling is the basis for the only assignment of error on this appeal. The statute under which the bill of particulars was demanded in this case (Code, § 5326) is as follows: "No profert of a sealed instrument is required in pleading, but, at any time previous to the trial, the defendant may have inspection of the bond or other instrument sued on, upon notice to the attorney of the party; or when an account is the foundation of the suit, a list of the items composing it."

Obviously, the object of the statute was to prevent surprise and to acquaint the defendant with the matter of the claim against him (*Pollack v. Gunter, et al.*, 162 Ala. 317, 50 South. 155), and, under the recent amendment thereof, to acquaint the plaintiff with the nature of the defendant's set-off, whether it be an "instrument relied on," or items composing a counter demand. —Gen. Acts, 1915, p. 597. In the *Pollack Case, supra*, the object of the statute, it was declared, refuted the existence of a legislative purpose to make the requirements of the statute "more strict than the ordinary rules of pleading," and the effect of the ruling was to permit the dates set out in the bill of particulars to be varied by evidence on the trial of the true dates when the serv-

ices were rendered or items furnished. So in *M. & B. R. R. Co. v. Worthington*, 95 Ala. 598, 10 South. 839, where the question was of the sufficiency of the bill of particulars furnished, Chief Justice STONE gave the statute a liberal construction, and it was held that the items, "corn, oats and bran, consumed," permitted proof of the necessity, in the construction of such trestling, to raise heavy timbers by the use of teams. A like liberal construction was given the statute in each of the cases of *Fountain v. Ware*, 56 Ala. 558, and *Robinson v. Allison*, 36 Ala. 525. The office of the bill of particulars and list comprising the items of the suit is stated in 31 Cyc. 565, to be: "To inform the opposite party and the court of the precise nature and character of the cause of action or defense for which the pleader contends in respect to any material or issuable fact in the case, and which is not specifically set out in his pleadings, and which cannot, in many cases, be proven in the pleadings without great perplexity. It is properly an amplification of the pleading, designed to make more ·specific general allegations appearing therein and thus avoid a surprise at the trial.".

This statement of the rule is largely rested on the opinion of Mr. Justice DOWDELL (later Chief Justice), in *Morrisette, Ex'r, v. Wood*, 128 Ala. 505, 30 South. 630, and 3 Eng. Pl. & Pr. 519. This court has often held that the trial court will not be put in error because of its ruling upon a motion for a continuance unless gross abuse of discretion is shown.—*McLaughlin v. Beyers*, 175 Ala. 544, 57 South. 716; *Kelly v. State*, 160 Ala. 48, 49 South. 535; *Ala. Co. v. Wrenn*, 136 Ala. 475, 34 South. 970; *White v. State*, 86 Ala. 69, 5 South. 674.

The statute required the plaintiff, within three days of the return of the attachment, to file his complaint, and when so filed, "the cause stands for trial at such return term," if the levy was made and notice thereof was given 20 days before the commencement of such term.—Code 1907, § 2961. The record shows that the complaint was filed three days before the first day of the term, or some six days before the return of the attachment, or before the complaint was required to be filed. The cause had been long pending, and the defendant could, at any time after the suing out of the attachment on the 7th of July, have made demand on the plaintiff in·attachment for the bill of particulars, and, failing in this, did not show any gross abuse of the discretion of the court in not granting his motion for a continuance.

Any other rule would prevent the trial of attachment suits at the time to which they are made returnable by the statute.—Code § 2961.

The cause is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.